UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

HOMER BROWN,

                                  Plaintiff,                      Case # 17-CV-74-FPG

v.

                                                                  DECISION AND ORDER

S. CRONIN, Superintendent, &
WILLIAM SEREDIUK, Correction Officer,

                                  Defendants.[1]

———————————————————————

## INTRODUCTION

Pro se Plaintiff Homer Brown, formerly a prisoner at Groveland Correctional Facility who is currently confined at the Willard Drug Treatment Facility, brings this 42 U.S.C. § 1983 action against Defendants Serediuk and Cronin. ECF Nos. 1, 8. On August 14, 2018, Defendants moved for partial dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 14. The Court granted Plaintiff two extensions of time to respond in opposition to Defendants' motion (ECF Nos. 18, 20), but Plaintiff did not file a response.[2] For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 14) is GRANTED.

## BACKGROUND

Because Plaintiff filed this action when he was a prisoner and the Court granted him permission to proceed *in forma pauperis*, the Court initially screened Plaintiff's Complaint

---

[1] The Clerk of Court is directed to amend the official caption of this action as set forth above.

[2] The New York State Department of Corrections and Community Supervision's website reveals that, after the Court granted him a second extension of time, Plaintiff was released from custody but later re-incarcerated on January 10, 2019. *See* http://nysdoccslookup.doccs. ny.gov. The website indicates that Plaintiff is confined at the Willard Drug Treatment Facility. The Court reminds Plaintiff that he must keep the Court informed of his current address where papers can be served and immediately notify the Court in writing if his address changes. *See* Loc. R. Civ. P. 5.2(d).

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. On January 17, 2018, the Court dismissed the Complaint but gave Plaintiff an opportunity to submit an amended complaint that set forth actionable § 1983 claims. ECF No. 7.

On February 16, 2018, Plaintiff filed an Amended Complaint alleging verbal and sexual abuse or harassment against a John Doe Corrections Officer he identified as "Duke" and S. Cronin, the Superintendent of Groveland. ECF No. 8. After screening the Amended Complaint, the Court allowed the sexual and verbal abuse claims to proceed against Duke and dismissed claims against Cronin alleging that he failed to intervene in the alleged sexual abuse by Duke on December 13, 2016. ECF No. 9. The Court allowed the claims to proceed against Cronin that alleged verbal and sexual abuse or harassment after Plaintiff informed him of Duke's continued and repeated abuse. *Id.* The Court directed the Summons and Amended Complaint to be served on Cronin and directed the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 77 (2d Cir. 1997), to attempt to ascertain Duke's identity. *Id.* at 9-10.

The Attorney General's Office responded to the Court's *Valentin* order and indicated that Correction Officer William Serediuk may have transported Plaintiff to a court appearance on the date of the alleged incident and that he could be served at Groveland. ECF No. 11. Serediuk was substituted in place of the John Doe defendant and a summons issued.

Defendants' Motion to Dismiss asserts that Plaintiff's claims of sexual and verbal abuse or harassment against Serediuk after the December 13, 2016 incident, and his claims that Cronin failed to prevent that alleged verbal abuse or harassment fail to assert constitutional violations. ECF No. 14. Defendants also contend they are entitled to qualified immunity. *Id.*

2

**DISCUSSION**

**I.  Legal Standard**

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations in the Amended Complaint as true and draw all reasonable inferences in Plaintiff's favor. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 672, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the factual allegations must permit the court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Because Plaintiff is pro se, the Court must liberally construe the Amended Complaint and "interpret it to raise the strongest arguments that it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotations omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations and internal quotations omitted). Although the Court will draw the most favorable inferences that the Amended Complaint supports, it will not "invent factual allegations that [the plaintiff] has not pled." *Id.*

**II.  Plaintiff's Allegations[3]**

On December 13, 2016, Plaintiff had to attend a proceeding in Monroe County Family Court related to his children. ECF No. 8 ¶ 13. Two officers escorted him to that proceeding—one of whom was Defendant Serediuk. *Id.* They entered an elevator, Serediuk directed Plaintiff to face the corner, and Plaintiff complied. *Id.* Serediuk then placed his arms on the walls and pinned Plaintiff into the corner, "body to body." *Id.* Serediuk's "stomach and private parts" were "pressed

---

[3] The following allegations are taken from Plaintiff's Amended Complaint and are assumed to be true for the purposes of evaluating Defendants' Motion to Dismiss.

against" Plaintiff's buttocks, and Plaintiff felt Serediuk's stomach for "only a split second or two," but Serediuk's "private parts or penis was pressed against [Plaintiff's] buttocks." *Id.*

Plaintiff asked Serediuk, "what the f--- is wrong with you?" ECF No. 8 ¶ 14. Serediuk told Plaintiff to "shut his mouth" and Plaintiff asked him, "why are you always f---ing with me?" Serediuk replied, "shut your pie hole, I run this" and Plaintiff replied, "you don't run sh-t." *Id.* Upon returning to Groveland, Serediuk told Plaintiff that the next time he said anything he would have problems, and Plaintiff responded, "[you are] not going to do anything to me." *Id.* Serediuk then stated: "your children are in foster care and you're in prison, next time I take you on a trip, I am going to put my d--- inside you, like the bitch I know you are, like I started to do on the elevator, you low life piece of s--t." *Id.*

Plaintiff alleges that Serediuk's words and actions "totally humiliated and embarrassed" him that day, and that Serediuk's comments about him and his children caused him "severe psychological harm" and "violated all of [his] standards of decency." ECF No. 8 ¶ 15. Plaintiff alleges that he consulted with mental health care professionals who advised him to report Serediuk's conduct. *Id.*

In February of 2017, Serediuk was checking identifications and said to Plaintiff, "how are all your complaints working for you? . . . [I know] you made a complaint to PREA (Prison Elimination Rape Act) and a grievance against me and Sergeant Musa." ECF No. 8 ¶ 16. Plaintiff responded that the grievance against Sergeant Musa had nothing to do with Serediuk, and Serediuk replied, "that's what you think, why do you think I got the green light to put my d--- in your bitch a--? Your time is coming you low life piece of s---." *Id.* ¶ 16.

The next day, Plaintiff spoke with Defendant Superintendent Cronin about Serediuk's conduct. *Id.* ¶ 17. Cronin advised Plaintiff to put his complaints in writing and that he would look

4

into the matter but could not assure Plaintiff that anything would happen. *Id.* Plaintiff wrote a complaint to Cronin but did not get a response from Cronin or the grievance committee. *Id.* A few days after his encounter with Cronin, Plaintiff ran into Serediuk who again began talking about Plaintiff's children and his "d--- in [Plaintiff's] mouth and a--." *Id.* ¶ 18.

Thereafter, Plaintiff was scheduled for another appearance in Monroe County Family Court and Serediuk was assigned to escort him again. ECF No. 8 ¶ 19. Plaintiff told an officer that he would not go with Serediuk because Serediuk had "sexually and mentally abused" him and Plaintiff had filed charges against him. *Id.* The officer called a sergeant to address this issue but he never arrived. *Id.* ¶ 20. Time was running out to make it to the court appearance, so Plaintiff was told that he could refuse the trip but "there would be consequences." *Id.* Ultimately, Plaintiff decided to let Serediuk transport him to court because he did not want to risk being placed in the Special Housing Unit ("SHU") for refusing the trip, where no one could protect him from Serediuk. *Id.* ¶¶ 21-22. During the trip, Serediuk again called Plaintiff names, spoke about Plaintiff's children, and told Plaintiff that if he opened his mouth "he would make certain his d--- would go inside it." *Id.* ¶ 22.

Defendants move to dismiss the verbal abuse and harassment claims against Serediuk in his encounters with Plaintiff after the December 13, 2016 elevator incident and the claims alleging Cronin's failure to intervene and prevent Serediuk's verbal abuse or harassment after the incident. ECF No. 14-1 at 2.[4]

### III. Eighth Amendment: Verbal Abuse or Harassment against Serediuk

It is well-settled in the Second Circuit that verbal harassment or profanity alone, without any physical injury, regardless of how unprofessional, inappropriate, or reprehensible it might

---

[4] Defendants do not move to dismiss Plaintiff's claim that Serediuk engaged in inappropriate sexual contact during the December 13, 2016 incident. ECF 14-1 at 2.

5

appear, does not violate the Eighth Amendment and thus is not actionable under § 1983. *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); *Aziz Zarif Shabazz v. Picco*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that, ordinarily, a verbal harassment claim is not actionable under § 1983); *see also Banks v. Annucci*, 48 F. Supp. 3d 394, 406 (N.D.N.Y. 2014).

Plaintiff's allegations of verbal or sexual harassment in his encounters with Serediuk after the December 13, 2016 elevator incident—although wholly inappropriate—fail to state a claim upon which relief may be granted because Plaintiff does not allege inappropriate sexual or physical harm or contact. *See Trowell v. Theodarakis*, No. 3:18cv446(MPS), 2018 WL 3233140, at *2-3 (D. Conn. July 2, 2018) (allegations of verbal sexual harassment without sexual or physical contact fail to state an Eighth Amendment violation) (citing cases); *see also Keaton v. Ponte*, No. 16 CIV. 3063 (KPF), 2017 WL 3382314, at *10 (S.D.N.Y. Aug. 4, 2017) (dismissing prisoner's Eighth Amendment sexual abuse claims against corrections officers where there was no "illicit physical contact" and the corrections officers' alleged "verbal harassment"—encouraging the inmate to shower, watching him shower, and making sexual gestures—"without more, [were] not actionable" as cruel and unusual punishment in violation of the Eight Amendment).

When the Court screened the Amended Complaint, it addressed certain language in *Willey v. Kirkpatrick*, 801 F.3d 51, 69-70 (2d Cir. 2015), where the Second Circuit remanded a harassment claim without any physical injury in light of its "new guidance on the meaning of *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997), [the] Circuit's leading Eighth Amendment case on harassment and abuse that leaves no physical injury." *Willey*, 801 F.3d at 69-70. On remand, the district court was instructed that it "may consider whether [plaintiff's] psychological pain and resulting suicide attempt constitute an 'appreciable injury' that makes actionable the various forms

of harassment [plaintiff] allegedly faced." *Id.* (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1996)).

Here, aside from the allegations that Serediuk's actions and words "totally humiliated and embarrassed" Plaintiff and that Plaintiff spoke with mental health professionals, Plaintiff does not allege an "appreciable injury" like that alleged in *Willey*. Thus, Plaintiff fails to state an actionable Eighth Amendment claim based on Serediuk's verbal or sexual harassment after the December 13, 2016 elevator incident. Accordingly, this claim must be dismissed.

## IV. Cronin's Personal Involvement

Plaintiff alleges that, in February of 2017, after one of his encounters with Serediuk, he spoke with Cronin about Serediuk's conduct and Cronin told him to put the complaints in writing. ECF No. 8 ¶ 17. Plaintiff wrote a complaint but did not receive a response from Cronin or the grievance committee. *Id.* A few days after Plaintiff's conversation with Cronin, Plaintiff ran into Serediuk who again spoke about Plaintiff's children and made derogatory sexual comments. *Id.* ¶ 18. On Plaintiff's second court trip with Serediuk, which occurred after Plaintiff spoke to Cronin, Serediuk again verbally harassed Plaintiff. *Id.* ¶¶ 21-22. Plaintiff alleges that Cronin failed to respond to his complaints, investigate his allegations, or intervene to correct the issue. *Id.* at 6.

Cronin moves to dismiss Plaintiff's failure to protect claim because, since Serediuk's verbal harassment and threats against Plaintiff after the December 13, 2016 incident are not actionable under § 1983, he cannot be liable for failing to stop the harassment and threats under a supervisory liability theory. ECF No. 14-1 at 5-6. It is axiomatic that to be liable under § 1983, one must have been personally involved in the alleged constitutional violation. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (setting forth five ways in which a supervisor can be found to have been personally involved in the alleged constitutional violation). Without an underlying

7

constitutional violation, however, there can be no supervisory liability. *See, e.g.*, *Blyden v. Mancusi,* 186 F.3d 252, 265 (2d Cir. 1999) ("Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation."); *Elek v. Inc. Vill. of Monroe,* 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011) (where the plaintiff "has not established any underlying constitutional violation, [the plaintiff] cannot state a claim for § 1983 supervisory liability"); *Alston v. Bendheim*, 672 F. Supp. 2d 378, 388-89 (S.D.N.Y. 2009) ("The failure to state a claim for an underlying constitutional violation forecloses supervisory liability.").

Because the Amended Complaint fails to state a claim against Serediuk based on the alleged verbal harassment, abuse, or threats against Plaintiff after the December 13, 2016 incident, the failure to protect claim against Cronin must be dismissed.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 14) is GRANTED and the Clerk of Court is directed to terminate Defendant Cronin as a party to this action. One claim remains against Defendant Serediuk for allegedly violating Plaintiff's Eighth Amendment rights inside the elevator on December 13, 2016. In a subsequent order, the Court will refer this action to a magistrate judge for pretrial proceedings.

IT IS SO ORDERED.

Dated: February 13, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court